


**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

---

No. 2:19-cr-8

---

UNITED STATES OF AMERICA,

v.

WILLIAM FIELDER,

Defendant

---

## MEMORANDUM OPINION

---

**J. Nicholas Ranjan, United States District Judge**

A federal grand jury returned a superseding indictment charging Defendant William Fielder (and 45 co-defendants) with conspiracy to distribute and possess with intent to distribute Schedule I, II, and III controlled substances contrary to the provisions of 21 U.S.C. § 841 and in violation of 21 U.S.C. § 846. [ECF 501]. Included among those substances were synthetic cannabinoids.

Mr. Fielder now moves to dismiss the superseding indictment. [ECF 1760]. He argues that it is deficient because it does not adequately plead his knowledge that the synthetic cannabinoids were a controlled substance throughout the conspiracy. After reviewing the superseding indictment and the relevant legal authorities, the Court disagrees.

Initially, Mr. Fielder's argument ignores that the superseding indictment lists more than just synthetic cannabinoids as being the object of the conspiracy. Mr. Fielder makes no argument as to his knowledge about those other substances.

Moreover, even if the superseding indictment focused exclusively on synthetic cannabinoids, the government still would not have to plead that Mr. Fielder knew that they were controlled substances throughout the conspiracy. That's because the government has made it clear—through a stipulation on the record—that it is not prosecuting Mr. Fielder (or any of his co-defendants) for conspiring to distribute unscheduled analogues. Because of that stipulation, all the government must allege is that Mr. Fielder knew the identity of the substances that were the object of the conspiracy. The government has done so.

Finally, after carefully reviewing the superseding indictment, the Court finds that it contains all the other elements required by the Third Circuit to adequately state the charge in Count I. Accordingly, the Court will deny Mr. Fielder's motion.

## RELEVANT BACKGROUND

Count I of the superseding indictment alleges that "[f]rom in and around January 2017 through in and around January 2019, in the Western District of Pennsylvania and elsewhere, the defendants…did knowingly, intentionally, and unlawfully conspire with each other and with persons both known and unknown to the grand jury to distribute and possess with intent to distribute Schedule I, II, and III controlled substances[.]" [ECF 501, pp. 2-4]. Count I then lists all the substances involved in the conspiracy, including several synthetic cannabinoid controlled substances. [*Id.* at pp. 3-4].

Previously, three of Mr. Fielder's co-defendants filed motions for a bill of particulars in this case. [ECF 1362; ECF 1370; ECF 1433]. In those motions, the moving defendants complained that the superseding indictment was too vague and asked the government to provide more particularized information about the timing and nature of the agreement to distribute the controlled substances.

Defendants were most interested in information about the timing of any alleged agreement to distribute the synthetic cannabinoids because some of those substances were not scheduled controlled substances for the entire duration of the alleged conspiracy. Thus, depending on the timing, the government could be prosecuting Defendants for distributing an analogue, which could trigger different theories of the case and legal defenses. Mr. Fielder joined in those motions. [ECF 1412].

During the argument on the motions, however, the government stipulated that it was not prosecuting any of the Defendants for conspiracy to distribute unscheduled analogues. [ECF 1604, 24:7-8 (noting the government "is not relying on these synthetic cannabinoids before they were scheduled")]. Finding that the government's stipulation obviated the need for a bill of particulars, the Court denied the motions for a bill of particulars. [ECF 1613, p. 8]. The Court also found that the government "is judicially estopped from proceeding under an analogue theory at trial under the operative indictment, and the Court will instruct the jury accordingly." [*Id.* at p. 9].

Mr. Fielder has now separately moved to dismiss Count I of the superseding indictment. His motion is fully briefed and ready for decision.

## LEGAL STANDARD

Fed. R. Crim. P. 12(b) allows a defendant to file a motion that alleges "a defect in the indictment or information." An indictment is valid if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007) (cleaned up). To be clear, "no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution." *Id.* (cleaned up).

In reviewing the sufficiency of an indictment, the Court is limited in what it may consider, and its "determination must be based on whether the facts alleged in the indictment, if accepted as entirely true, state the elements of an offense and could result in a guilty verdict." *United States v. Bergrin*, 650 F.3d 257, 268 (3d Cir. 2011) (cleaned up). Thus, the Court's consideration of a motion to dismiss an indictment on this basis is, "generally speaking," a "narrow, limited analysis geared only towards ensuring that legally deficient charges do not go to a jury." *Id.*

## DISCUSSION & ANALYSIS

### I. The superseding indictment sufficiently pleads that Mr. Fielder knowingly conspired to distribute scheduled controlled substances.

Mr. Fielder argues that Count I of the superseding indictment "is insufficient in that it fails to allege that [he] knew that the object of the conspiracy was the possession with intent to distribute a substance that was actually banned as a controlled substance during the time of his alleged participation in the conspiracy." [ECF 1760, ¶ 8]. Mr. Fielder specifically challenges the inclusion of synthetic cannabinoids that were "not listed as Schedule I controlled substances until July 10, 2018, seventeen months after the alleged commencement of the conspiracy." [*Id.* at ¶ 10]. Mr. Fielder claims that he was incarcerated during the entire time of the alleged conspiracy, and "would therefore not be able to have knowledge as to whether a substance that had not been previously scheduled during his incarceration was now a controlled substance." [*Id.* at ¶ 12]. But there are at least two problems with Mr. Fielder's argument.

First, it relies on a selective reading of the superseding indictment. The superseding indictment clearly states that Mr. Fielder and his co-conspirators "knowingly" conspired with each other to "distribute and possess with intent to distribute Schedule I, II, and III controlled substances[.]" [ECF 501, pp. 2-3]. Those substances are then listed in detail. [*Id.* at pp. 3-4]. Some were synthetic cannabinoids, but some were not. [*Id.*]. In any event, each substance was controlled at some point

during the conspiracy (*i.e.*, between January 2017 and January 2019).

Second, the "sometimes scheduled, sometimes not" status of the synthetic cannabinoids during the conspiracy is irrelevant. The government has stipulated that it is only prosecuting for the synthetic cannabinoids while those substances were scheduled. [ECF 1613, p. 8]. Thus, the heightened knowledge requirement of 21 U.S.C. § 841(a)(1) ***as applied to analogues*** does not apply, and the government does not have to prove Mr. Fielder's specific knowledge of the scheduled status of the synthetic cannabinoids.[1]

The Supreme Court has held that "the ordinary meaning of [§ 841(a)(1)] requires a defendant to know only that the substance he is distributing is some unspecified substance listed on the federal drug schedules." *McFadden v. United States*, 576 U.S. 186, 192 (2015). The government can meet this requirement in two ways. "First, by showing that the defendant knew he possessed a substance listed on the schedules, even if he did not know which substance it was. Second, in the alternative, by showing that the defendant knew the identity of the substance he possessed." *Robinson v. United States*, No. 14-64, 2020 WL 1872354, at *4 (W.D. Pa. Apr. 15, 2020) (Hornak, J.) (cleaned up). So, here, the government could meet this requirement by simply showing that Mr. Fielder knew that synthetic cannabinoids were involved in the drug trafficking conspiracy. *See United States v. Canfield*, 758 F. App'x 51, 54 (2d Cir. 2018) ("Canfield's sufficiency challenge fails, for the government presented direct and circumstantial evidence that his coconspirators … knew they were trafficking in methylone and that methylone was a controlled substance."). And that's precisely what the

---

[1] Indeed, this Court already explained that the government's representation that it was not prosecuting based on the analogue status of any synthetic cannabinoids "obviates the need to challenge the Superseding Indictment based on the knowledge element[.]" [ECF 1613, p. 8].

government alleges in the superseding indictment.[2] [ECF 501, pp. 2-3].

Mr. Fielder's reliance on *Rehaif v. United States*, 139 S.Ct 2191 (2019) to establish that the government was required to allege his knowledge of the controlled status of the synthetic cannabinoids is misplaced. [ECF 1760, ¶¶ 14-15]. The defendant in *Rehaif* was charged under 18 U.S.C. § 922 (felon in possession statute) while Mr. Fielder is charged with conspiring to violate 21 U.S.C. § 841. "These are different statutory provisions—with different elements." *United States v. Thomas*, No. 14-14, 2019 WL 4942270, at *2 (N.D. Ind. Oct. 8, 2019). The "prohibited status" that required a "knowing" *mens rea* in *Rehaif* is not an element for the offense charged in the superseding indictment. *Id.* Again, as noted above, the government need not prove that Mr. Fielder knew that any substance was controlled, only that he knew what the substance was. *Rehaif* therefore does not apply. *See, e.g.*, *Bradley v. United States*, No. 18-47, 2020 WL 4040365, at *6 (S.D. Ga. July 17, 2020) ("Bradley was not convicted under either § 922(g) or § 924(a). Instead, he pleaded guilty to conspiracy to possess with intent to distribute controlled substances, in violation of § 846. Consequently, the decision in *Rehaif* has no bearing on Bradley's case[.]"); *United States v. McShan*, No. 15-240, 2019 WL 6974392, at *2 (S.D. Ohio Dec. 20, 2019) (finding that where defendant was convicted of 21 U.S.C. §§ 841 and 846, "*Rehaif* provides no basis for relief" on his Section 2255 motion because "*Rehaif* interprets an entirely different statute").

## II. The superseding indictment contains all the necessary elements to state the charge against Mr. Fielder.

After carefully reviewing the superseding indictment, the Court also concludes that it contains all the

[2] To the extent Mr. Fielder's motion could be construed as a challenge to the government's evidence of Mr. Fielder's knowledge, such a challenge is inappropriate at this stage. A motion to dismiss an indictment "is not a permissible vehicle for addressing the sufficiency of the government's evidence." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (cleaned up).

other elements required to adequately state the charge in Count I.

First, the indictment tracks the statutory elements of the given offense—conspiracy to distribute and possess with intent to distribute controlled substances. The elements of that offense include:

(1) That two or more persons agreed to distribute and possess with the intent to distribute a controlled substance;

(2) That Defendant was a party to, or member of, that agreement; and

(3) That Defendant joined the agreement or conspiracy knowing of its objective to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that Defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

*United States v. Harvey*, No. 12-113, 2014 WL 657595, at *2 (W.D. Pa. Feb. 20, 2014) (McVerry, J.). The superseding indictment alleges that Mr. Fielder and his co-defendants "knowingly, intentionally, and unlawfully conspire[d] with each other … to distribute and possess with intent to distribute Schedule I, II, and III controlled substances[.]" [ECF 501, pp. 2-3]. "Accordingly, the indictment articulates the elements of the offense charged." *United States v. Butler*, No. 18-93, 2019 WL 2409052, at *4 (M.D. Pa. June 7, 2019).

Second, the indictment fairly informs Mr. Fielder of the charge against which he must defend. The indictment plainly states the statutory provision he is charged with violating (21 U.S.C. § 846), lists the elements of that offense (as noted above), and provides the relevant time period by stating that acts supporting the alleged violation occurred "[f]rom in and around January 2017 through in

and around January 2019." [ECF 501].[3] That is enough at this stage of the proceedings. *See Huet*, 665 F.3d at 595 (holding that an indictment generally is sufficient "where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred.") (citations omitted).

Finally, the indictment includes the necessary information to "enable [Mr. Fielder] to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Butler*, 2019 WL 2409052, at *5. The Superseding Indictment "delineates the relevant time period and the types of controlled substances allegedly involved, demonstrating that [Mr. Fielder] has been provided with the necessary factual orientation to invoke double jeopardy." *Id.* (cleaned up).

**CONCLUSION**

For these reasons, the Court will deny Mr. Fielder's motion to dismiss the superseding indictment [ECF 1760]. A corresponding order will follow.

DATED this 2nd day of September, 2020.

BY THE COURT:

*_/s/ J. Nicholas Ranjan_*
United States District Judge

[3] As noted above, the government, by its stipulation, has significantly narrowed the time frame of the alleged conspiracy to possess or possess with intent to distribute the synthetic cannabinoids. [ECF 1613, p. 2].